| Matter of Melikian |
|:---:|
| 2024 NY Slip Op 32023(U) |
| June 13, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2021-2317/A |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.

JUN 1 3 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
Petition for Cy Pres Relief Pursuant to EPTL 8-1.1,
Will of

ROBERT MELIKIAN,

DECISION

File no. 2021-2317/A

Deceased.

-------------------------------------------------------------------x

GINGOLD, S.

The executor of the estate of Robert Melikian requests that this court exercise its cy pres

power pursuant to EPTL § 8-1.1(c) regarding three dispositions of the decedent's residuary estate:

(1) to the Armenia Fund USA Inc.; (2) to Cornell University Foundation; and (3) to Boston

University.

Background

By decree dated July 28, 2021, the decedent's will (hereinafter "the will") was admitted to

probate and Christopher P. Parnagian was appointed the executor of the estate. Article Fourth of

the will, inter alia, directed the executor to divide the residuary estate in equal shares for the benefit

of the following organizations:

> "(1) I give, devise and bequeath fifty (50) shares to Armenia Fund
> USA Inc., located in New York, New York, and I direct that (i) at
> least one-half of such gift be used to provide scholarship awards and
> financial aid to students of Armenian descent in the United States of
> America or in Armenia, and (ii) at least one-quarter of such gift be
> used to expand or improve educational facilities in the United States
> or in Armenia.
> * * *
> "(3) I give, devise and bequeath fourteen (14) shares to Cornell
> University Foundation, located in Ithaca, New York, to be used to
> establish a permanently endowed scholarship fund in the name of
> Victor and Almas Melikian, the income of which shall provide
> annual scholarship awards, based on financial need and academic

[* 1]

promise, to students of Armenian descent enrolled at Cornell University, with a preference to those students in the Johnson School of the Law School. In any year in which there are no qualified students, any income not so paid shall be accumulated and added to principal of such fund.

"(4) I give, devise and bequeath seven and one-half (7½) shares to Boston University, located in Boston, Massachusetts, to be used to establish a permanently endowed scholarship fund in the name of Victor and Almas Melikian, the income of which shall provide annual scholarship awards, based on financial need and academic promise, to students of Armenian descent enrolled at Boston University School of Law. In any year, in which there are no qualified students, any income not so paid shall be accumulated and added to principal of such fund. . . . " (Second Amended Verified Petition, Exhibit A, at 4).

After the will was admitted to probate, Armenia Fund USA Inc. dissolved on November 12, 2021, and both Cornell University Foundation and Boston University declined the estate gift.

To carry out the decedent's intent, the executor proposes that the bequest to Armenia Fund USA Inc. be paid and redirected to Armenia Fund, Inc. located in Glendale, California, with the requirement that the monies be utilized for the exact purpose as stated in the will. The executor provides proof that upon dissolution, Armenia Fund USA Inc.'s assets were transferred to Armenia Fund Inc. The executor provides proof that Armenia Fund, Inc. had a mutually supportive relationship with Armenia Fund USA Inc. Moreover, Armenia Fund, Inc. has a nearly identical mission statement to Armenia Fund USA Inc., namely, to raise funds for the benefit of Armenian people.

As for the bequests to Cornell University Foundation and to Boston University, the executor proposes that the bequests be paid and redirected to Armenian General Benevolent Union (hereinafter "AGBU")—another charitable residuary beneficiary of the decedent's estate—with the requirement that the monies be utilized for the exact purpose as stated in the will. AGBU has confirmed that it will accept the residuary estate allocated to Cornell University Foundation and

2

Boston University and will comply with any subsequent court order. AGBU will use the bequest as stipulated in Article Fourth of the will, to establish a scholarship fund in the name of Victor and Almas Melikian for students of Armenian descent enrolled at Cornell University, with a preference to those students in the Johnson School or the law school (Exhibit J), and at Boston University, with a preference to the students in the law school (Exhibit K).

This proceeding is uncontested. None of the cited parties, including the Attorney General of the State of New York, have appeared in this proceeding.

Discussion

Pursuant to EPTL § 8-1.1(c)(1), the court has the authority to direct the manner in which a charitable disposition is to be administered to accomplish the testator's intent when literal compliance with the terms of a charitable bequest is impracticable or impossible. Three conditions must be met before applying the cy pres power: (1) the gift or trust be charitable in nature; (2) the donor must have demonstrated a general, rather than a specific, charitable intent; and (3) that circumstances have changed subsequent to the gift that render literal compliance with the restriction impossible or impracticable (*Matter of Othmer*, 12 Misc 3d 414, 419 [Sur Ct, Kings County 2006]). The proposed modification must also "closely approximate the [testator's] intent" (*Othmer*, 12 Misc 3d at 422).

This court exercises its cy pres power over the bequests to the Armenia Fund USA Inc., Cornell University Foundation, and Boston University. The record establishes that the decedent's gifts were charitable in nature (*see Othmer*, 12 Misc 3d at 421 ["gifts for educational purposes are charitable in nature"]). A reading of the decedent's will establishes that the decedent had a general charitable intent. The decedent left his residuary estate to named charities and educational institutions. The decedent, moreover, made no provision for a gift over in the event that the

3

charitable gift failed or lapsed (*see Matter of Goehringer*, 69 Misc2d 145, 148-150 [Sur Ct, Kings County 1972]; *Matter of Mirjanian*, NYLJ, June 14, 2005, at 25, col 3 [Sur Ct, NY County 2005]). Circumstances have changed that render compliance impossible or impracticable. Armenia Fund USA Inc. has dissolved (Exhibits C, D). Boston University and Cornell University Foundation declined the gifts as neither could establish a scholarship fund based on national origin or heritage (Exhibits G, H, I). The court is satisfied that the executor's proposed modification most closely approximates the decedent's charitable intent (*see Othmer*, 12 Misc 3d at 422).

Accordingly, the petition is granted.

Settle decree.

The Clerk of the Court shall email a copy of this decision to the parties listed below.

Dated: June _13th_, 2024

_____
S U R R O G A T E

To:

Lois Bladykas, Esq.
Ruskin Moscou Faltischek, P.C.
lbladykas@rmfpc.com
*Attorney for Petitioner*

4